UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-CV-350-DSC

| | |
|---|---|
| DEBORRAH CONTEH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FAYE GRIGGS, et al., ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court upon Plaintiff's Motion for Reconsideration (Doc. No. 11), Defendant's Motion to Dismiss (Doc. No. 12), and Plaintiff's Response to the Motion to Dismiss (Doc. No. 14). Plaintiff, who appears *pro se*, moved the Court to reconsider its order dismissing the case (Doc. No. 9), arguing that Defendants were properly served. Defendants responded by filing a Motion to Dismiss (Doc. No. 12), which Plaintiff responded to, and the Court received, by U.S. Mail. For the reasons set forth herein, Plaintiff's Motion for Reconsideration (Doc. No. 11) is GRANTED, and the case is reopened and reconsidered herein. The Court then considers Defendant's Motion to Dismiss (Doc. No. 12), which is GRANTED for the reasons stated herein.

## I. BACKGROUND

On September 29, 2010, Plaintiff filed an appeal from the Equal Employment Opportunity Commission's (EEOC) final order finding no discrimination. The EEOC's Office of Federal Operations affirmed the finding of no discrimination and issued its order on February 24, 2011. The order specifically set forth Plaintiff's "right to file a civil action" and notified her that she had ninety (90) calendar days from the date of that decision to file a civil action (Doc. No. 1). Plaintiff filed

a *pro se* complaint in this Court on July 20, 2011, some one hundred forty-six (146) days after the issuance of the order denying Plaintiff's appeal. (Doc. No. 1). On October 18, 2011, a summons addressed to the Office of Federal Operations was returned executed for Postmaster General Donahue and United States Attorney General Holder. (Doc. No. 3). Plaintiff requested the court enter default against Donahue and Holder on March 8, 2012. (Doc. No. 5). On March 15, 2012, the Court entered an order notifying Plaintiff of her obligation to serve the United States Attorney for the Western District of North Carolina pursuant to Fed. R. Civ. P. 4(i). (Doc. No. 6). The Court gave Plaintiff sixty (60) days to properly serve Defendants at their proper address. After Plaintiff requested additional time to serve the U.S. Attorney, the Court allowed Plaintiff until May 15, 2012 to do so. (Doc. No. 8). After Plaintiff failed to provide proof of proper service, the Court dismissed the action. (Doc. No. 9). Plaintiff filed a letter requesting reconsideration of the dismissal on June 22, 2012. (Doc. No. 11). Plaintiff's letter contained a return receipt for a summons delivered to the U.S. Attorney's Office on a date in May (the date is not completely legible). (Doc. No. 11).

Defendant then filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), contending that the Court lacks subject matter jurisdiction over Plaintiff's claims, and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants specifically argue Plaintiff failed to file the action before the Court within ninety (90) days of receipt of the order setting forth Plaintiff's right to sue. Defendant further argues that Plaintiff failed to properly serve Defendants within 120 days of the filing of the complaint as required under Fed. R. Civ. P. 4(m).

## II. STANDARD OF REVIEW

Defendants filed a Motion to Dismiss under Rule 12(b)(1) contending that this Court lacks subject matter jurisdiction over Plaintiff's claims. Lack of subject matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382

(1884). The ability of the court to independently address subject matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court *must* dismiss the action." Fed.R.Civ.P. 12(h)(3) (emphasis added).

When a court considers subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.

Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768-69 (citations omitted). Therefore, Plaintiff is entitled to present evidence outside the pleadings if it is helpful to establishing subject matter jurisdiction.

Defendants also move to dismiss under Fed. R. Civ. P. 12(b)(6). In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

-3-

Case 3:11-cv-00350-FDW -DSC   Document 15   Filed 08/16/12   Page 3 of 6

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

### III. ANALYSIS

Plaintiff's Motion for Reconsideration provided a return receipt for a summons delivered to the U.S. Attorney's Office dated May, 2012. Because it appears Plaintiff complied with the Court's order, Plaintiff's Motion for Reconsideration is GRANTED and therefore the case is hereby reopened. The Court will now consider Defendant's Motion to Dismiss (Doc. No. 12).

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. (Doc. No. 1). Plaintiff is therefore bound by the time limitations set forth in 42 U.S.C. § 2000e-5(f)(1), which provides:

> If a charge filed with the Commission . . . is dismissed by the Commission . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . . .

Here, the Office of Federal Operations affirmed the finding of no discrimination and issued an order February 24, 2011. The order was served on Plaintiff on February 24, 2011, and specifically stated Plaintiff has "the right to file a civil action within ninety calandar days from the

-4-

date the decision was received." (Doc. No. 1); see also 42 U.S.C. § 2000e-5(f)(1); see, e.g., CBOCS West, Inc. v. Humphries, 553 U.S. 442, 455 (2008). Plaintiff's complaint was filed on July 20, 2011, which exceeds the ninety (90) day filing requirement. (See Doc. No. 1).

Furthermore, the principles of equitable tolling are applicable to time requirements under Title VII, but only in very limited circumstances. Federal courts have typically extended equitable relief only sparingly. Olsen v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990). Courts have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complaint has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. Beale v. Burlington Coat Factory, 36 F. Supp.2d 702, 704 (E.D. Va. 1999). Courts have been much less forgiving in receiving late filings where the claimant failed to exercise due dilligence in preserving his legal rights. Chao v. Virginia Dept. Of Transp., 291 F.3d 276, 283 (4th Cir. 2002). Equitable tolling is only available where, due to circumstances external to a party's own conduct, it would be unconscionable to enforce limitation period against the party and gross injustice would result. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

Here, Plaintiff fails to provide evidence justifying a delayed filing due to external circumstances and does not show any reason she could not have timely filed her complaint. Under these circumstances, we find no recognized equitable grounds to toll the running of the ninety (90) day statute of limitations. Plaintiff's claim is time-barred for failure to timely file the complaint and therefore Defendant's Motion to Dismiss is GRANTED.

Defendant further argues this Court lacks jurisdiction because Plaintiff failed to properly serve Defendants within 120 days of the filing of the complaint as required under Fed. R. Civ. P. 4(m). However, because this action has been dismissed for lack of subject matter jurisdiction, the

Court may not–and need not–reach alternative motions for dismissal. Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted is DENIED AS MOOT.

## IV. CONCLUSION

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Reconsideration is GRANTED and the case is reopened; however, the Court HEREBY GRANTS Defendant's Motion to Dismiss, and the case is dismissed with prejudice.

IT IS SO ORDERED.

Signed: August 16, 2012

Frank D. Whitney
United States District Judge